IN THE MATTER OF THE PETITION OF LOUIS PALOMA AND OTHERS, TO QUIET TITLE IN A CERTAIN PIECE OF LAND CLAIMED BY RIGHT OF INHERITANCE.

---

##### ON APPEAL.

CHAPTER 52 OF THE LAWS of 1874, being an "Act to Quiet Title in Lands claimed by Inheritance," declared unconstitutional as depriving a defendant of the right to try by a jury the title to the land in his possession.

Opinion of the Court by HARRIS, C. J.

In the Matter of the Petition of Louis Paloma *et al.* to quiet title.

This action is apparently brought under the 52d Chapter of the Session Laws of 1874, being "An Act to Quiet Title in Lands claimed by right of Inheritance." It is true that no reference to the statute is made in the petition, but still the fact that the petition is made to the First Associate Justice instead of the Chief Justice, and indeed, the whole structure of the petition, indicates that it was made under that statute, and it was so argued at the bar. The fourth subdivision of the first section of the statute requires that there should be set forth in the petition, whether widow, children or statutory heirs, survived the deceased ancestor. Now this petition does not set forth those facts, but merely sets forth that the petitioners are the lawful heirs of Paloma, being his sister and brother. To that extent they are certainly statutory heirs, provided there are none nearer. The petition does not set forth that Sheldon, who is cited, claims as heir, but merely that he is in possession, and does not state how he came into possession, whether by deed or otherwise.

Service was made upon the respondent Sheldon, who has seen fit to put in an answer admitting that he is in possession, but averring in effect that he claims the land adversely to these claimants, and by title paramount, and not by inheritance from John Paloma. This is a complete answer and sufficient to take the case out of the statute.

This, then, is not a petition to "Quiet a Title," but is a proceeding to obtain possession of a piece of land claimed adversely by Sheldon, or in other words, a proceeding to eject Sheldon, who, it is not made to appear, claims as heir, or has any community of interest with the petitioners. Now, in the Seventh Article of the Constitution it is stated that, "In all cases in which the right of trial by jury had been heretofore used, it shall be held inviolable for ever, excepting in actions of debt or assumpsit, in which the amount claimed is less than fifty dollars ($50)."

Now, in actions of this nature (ejectment), before the pro-

mulgation of the Constitution (20th August, 1864), the right of trial by jury had been used for a long space of time, and therefore may not be denied by any subsequent legislation. Hence it follows that the defendant has a right to a trial by jury, and the petition must be dismissed.

W. C. Jones for plaintiffs.

E. Preston for respondent.

Honolulu, August 22, 1878.